UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| PEARLINE WHITE, ) | Civil Action No.: 2:15-cv-2761-PMD-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| SOUTH CAROLINA DEPARTMENT OF ) | |
| HEALTH AND ENVIRONMENTAL ) | |
| CONTROL, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**I.   INTRODUCTION**

This action arises out of Plaintiff's employment with Defendant South Carolina Department of Health and Environmental Control (SCDHEC). Plaintiff alleges violations of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq., and 42 U.S.C. § 1981. Presently before the court is Defendant's Motion for Judgment on the Pleadings (Document # 21). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC. This report and recommendation is entered for review by the district judge.

**II.   FACTUAL ALLEGATIONS**

Plaintiff, an African-American female, was employed by Defendant as an Administrative Specialist in the Children's Rehabilitative Services department. Comp. ¶ 11. Beginning in early February of 2012, Plaintiff alleges she began to be discriminated against by her manager, a young, white female, Karen Warren. Comp. ¶ 13. At the time, Plaintiff was fifty-eight years old and the only African-American employee in her department. Comp. ¶ 14. On or around March 1, 2012, the Plaintiff was passed over for a supervisor position for a twenty-nine year old, white female, Kacey

Schmitt, with no previous supervisor experience and who had been with the department for the least amount of time, and whom Plaintiff had trained. Comp. ¶ 15.

In April of 2012, Schmitt gave Plaintiff her lowest evaluation since the beginning of her employment in 1998. Comp. ¶ 17. On May 5, 2012, Plaintiff was written-up for placing unshredded documents with client information in a recycle bin, even though Schmitt witnessed the event and knew that it was an accident and Plaintiff had retrieved the documents from the recycle bin. Comp. ¶¶ 18-19. Thereafter, on June 5, 2012, Plaintiff was suspended without pay for three days. Comp. ¶ 20. On June 19, 2012, Plaintiff reported the alleged age and race discrimination and the false accusations, and on June 25, 2012, filed a harassment complaint. Comp. ¶¶ 21-22. She requested a transfer out of her current department, but did not receive the transfer. Comp. ¶ 22.

Schmitt assigned Plaintiff additional duties on top of her regular work between July and December of 2012 while another employee was on medical leave. Comp. ¶ 24. In April of 2013, Plaintiff received her annual evaluation, completed by Schmitt, in which she received a lower rating than the previous year. Comp. ¶ 26. Plaintiff filed a second harassment complaint on April 3, 2013. Comp. ¶ 27.

In May of 2013, Plaintiff was given an archiving assignment, and Schmitt could access and make changes to Plaintiff's work. Comp. ¶ 28. The changes made by Schmitt were incorrect. Comp. ¶ 29. On May 30, 2013, Plaintiff was terminated for failing to complete the archiving assignment correctly. Comp. ¶ 31.

### III.    STANDARD OF REVIEW

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings after the pleadings are closed. Such a motion should be granted when, accepting the facts set forth in the pleadings, the case can be decided as a matter of law. Tollison v. B & J

Machinery Co., Inc., 812 F.Supp. 618, 619 (D.S.C.1993). See also S & S Const., Inc. of Anderson v. Reliance Ins. Co., 42 F.Supp.2d 622, 623 (D.S.C.1998). The standard is almost identical to the standard employed in considering a Rule 12(b)(6) motion "with the key difference being that on a 12(c) motion, the court is to consider the answer as well as the complaint." Cont'l Cleaning Serv. v. United Parcel Serv., Inc., 1999 WL 1939249, *1 (M.D.N.C.1999) (internal quotations omitted); see also Burbach Broad. Co. v. Elkins Radio Corp., 278 F.3d 401, 405-06 (4th Cir.2002). In addition to the complaint, the factual allegations of the answer are taken as true, to the extent "they have not been denied or do not conflict with the complaint." Pledger v. North Carolina Dep't of Health & Human Servs., 7 F.Supp.2d 705, 707 (E.D.N.C.1998); Jadoff v. Gleason, 140 F.R.D. 330, 331 (M.D.N.C.1991) (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (3d ed.2004)).

A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. See Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

**IV.    DISCUSSION**

In its motion, Defendant argues that (1) Plaintiff's ADEA claim is barred; (2) Plaintiff's Title VII claims arising out of events that occurred before October 7, 2012, are time-barred; (3) Plaintiff's 42 U.S.C. § 1981 claim(s) are barred; and, (4) Plaintiff's claims brought pursuant to the laws of the South Carolina Human Affairs Commission (SCHAC) are barred. In her response, Plaintiff notes

that she has not raised any claims pursuant to the SCHAC. She concedes that her claim under § 1981 is improper. Finally, she limits her Title VII claims to only those events that occurred after October 7, 2012. Therefore, only Plaintiff's ADEA cause of action is at issue.

Defendant argues that it has sovereign immunity as to Plaintiff's claim under the ADEA. The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., Amend. XI. Accordingly, the Constitution does not provide for federal jurisdiction over suits against nonconsenting States, unless the state's eleventh amendment immunity has been abrogated by Congress. Kimel v. Florida Bd. of Regents, 528 U.S. 62, 73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000) (quoting Dellmuth v. Muth, 491 U.S. 223, 228, 109 S.Ct. 2397, 105 L.Ed.2d 181 (1989)); Atascadero State Hospital v. Scanlon, 473 U.S. 234, 242, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985) ("Congress may abrogate the States' constitutionally secured immunity from suit in federal court only by making its intention unmistakably clear in the language of the statute."). The Supreme Court has held that Congress's attempt to exercise its power to abrogate a state's Eleventh Amendment immunity in enacting the ADEA was invalid, and, thus, states enjoy immunity from suit in this court for claims arising under the ADEA. Kimel, 528 U.S. at 91; see also Ramos v. Berkeley County, No. 2:11-3379-SB, 2012 WL 5292895 (D.S.C. Oct. 25, 2012). Plaintiff's reliance on Fitzpatrick v. Bitzer, 427 U.S. 445 (1976) is misplaced, as it involved a claim under Title VII rather than the ADEA.

The Eleventh Amendment extends not only to the States but also to state agencies and organizations that function as an "arm of the state." Mt. Healthy City School Dist. Bd. of Educ'n v. Doyle, 429 U.S. 274, 280 (1977). The SCDHEC is a governmental agency of the State of South

-4-

-5-

Carolina.  Sanders v. Jackson, No. 7:10-968-RBH-WMC, 2010 WL 2228384, *3 (D.S.C. May 12, 2010) (report and recommendation); Craig v. South Carolina Dept. of Health and Environmental Control, C/A No. 3:08–2113–CMC–PJG, 2009 WL 3644268, *4 (D.S.C. Nov. 2, 2009).  Therefore, Plaintiff may not pursue her ADEA claim against the SCDHEC in this court.

**V.     CONCLUSION**

For the reasons discussed above, it is recommended that Defendant's Motion for Judgment on the Pleadings (Document # 21) be granted as to Plaintiff's claim under the ADEA.  Plaintiff agrees to dismissal of her § 1981 cause of action as well as to any Title VII claims she may have alleged based upon events that occurred prior to October 7, 2012.  Therefore, those claims should be dismissed as well.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

March 25, 2016
Florence, South Carolina